United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 15-13253-pmm |
| Joao H. Borges | Chapter 13 |
|     Debtor(s) | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-4 | User: admin | Page 1 of 2 |
| Date Rcvd: Oct 16, 2020 | Form ID: 3180W | Total Noticed: 20 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+            Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 18, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Joao H. Borges, 4032 Reeve Drive, Bethlehem, PA 18020-1491 |
| smg | + | Bureau of Audit and Enforcement, City of Allentown, 435 Hamilton Street, Allentown, PA 18101-1603 |
| smg | | City Treasurer, Eighth and Washington Streets, Reading, PA 19601 |
| smg | + | Dun & Bradstreet, INC, 3501 Corporate Pkwy, P.O. Box 520, Centre Valley, PA 18034-0520 |
| smg | + | Lehigh County Tax Claim Bureau, 17 South Seventh Street, Allentown, PA 18101-2401 |
| smg | + | Tax Claim Bureau, 633 Court Street, Second Floor, Reading, PA 19601-4300 |
| 13620465 | + | Allentown School District Public Asset Management, c/o Portnoff Law Associates, Ltd., P.O. Box 3020, Norristown, PA 19404-3020 |
| 13528962 | + | Anacapri Foods, Inc., C/O Robert L. Saldutti, Esquire, 800 N. Kings Highway, Suite #300, Cherry Hill, NJ 08034-1511 |
| 14021629 | + | COMMONWEALTH OF PA UCTS, DEPARTMENT OF LABOR AND INDUSTRY, COLLECTIONS SUPPORT UNIT, 651 BOAS STREET, ROOM 702, HARRISBURG, PA 17121-0751 |
| 13585965 | + | County Of Lehigh Fiscal Office, 17 S 7th Street Room 119, Allentown PA 18101-2401 |
| 13619040 | + | Dilza Chang, 60-11 Broadway, Woodside, NY 11377-2178 |
| 13705873 | + | Kevin K. Kercher, Esquire, 881 Third Street, Suite #C-2, Whitehall, PA 18052-5930 |
| 13541466 | + | Lehigh County Tax Claim Bureau, c/o Northeast Revenue Service, LLC, 15 Public Square, Suite 202, Wilkes-Barre, PA 18701-1703 |
| 14390443 | + | LoanCare, LLC, P. Box 8068, Virginia Beach VA 23450-8068 |
| 13526062 | + | QNB Bank, c/o Denise L. Wester, Esq., The Fullerton Building, 881 Third Street, Suite B-3, Whitehall, PA 18052-5922 |

TOTAL: 15

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | + | Email/Text: usapae.bankruptcynotices@usdoj.gov | Oct 17 2020 01:09:00 | U.S. Attorney Office, c/o Virginia Powel, Esq., Room 1250, 615 Chestnut Street, Philadelphia, PA 19106-4404 |
| 13602306 | | Email/Text: coabankruptcy@allentownpa.gov | Oct 17 2020 01:07:00 | City of Allentown, 435 W. Hamilton Street, Room 215, Allentown, PA 18101 |
| 13528965 | | EDI: CAPITALONE.COM | Oct 17 2020 04:38:00 | Capital One Bank (USA), N.A., P.O. Box 71083, Charlotte, NC 28272-1083 |
| 13587835 | + | EDI: MID8.COM | Oct 17 2020 04:38:00 | Midland Credit Management, Inc. as agent for, MIDLAND FUNDING LLC, PO Box 2011, Warren, MI 48090-2011 |
| 13532889 | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Oct 17 2020 01:09:00 | Pennsylvania Department of Revenue, Bankruptcy Division PO Box 280946, Harrisburg, PA 17128-0946 |

TOTAL: 5

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| smg | * | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |

TOTAL: 0 Undeliverable, 1 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 18, 2020           Signature:      /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 15, 2020 at the address(es) listed below:

**Name**  **Email Address**

CHRISTOPHER R. MOMJIAN
    on behalf of Creditor Commonwealth of PA  Dept of Revenue crmomjian@attorneygeneral.gov

DENISE L. WESTER
    on behalf of Creditor QNB Bank dwester@westerlawoffices.com  dwesteresq@aol.com

JAMES RANDOLPH WOOD
    on behalf of Creditor Allentown School District Public Asset Management Inc.  Assignee of Allentown School District jwood@portnoffonline.com, jwood@ecf.inforuptcy.com

JOSHUA I. GOLDMAN
    on behalf of Creditor United Shore Financial Josh.Goldman@padgettlawgroup.com  kevin.shatley@padgettlawgroup.com

KEVIN G. MCDONALD
    on behalf of Creditor LOANCARE  LLC bkgroup@kmllawgroup.com

KEVIN K. KERCHER
    on behalf of Debtor Joao H. Borges kevinkk@kercherlaw.com  kevin@kercherlaw.com

LISA MARIE CIOTTI
    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com  ecf_frpa@trustee13.com

ROBERT L. SALDUTTI
    on behalf of Creditor ANACAPRI FOODS INC rsaldutti@salduticollect.com lmarciano@saldutticollect.com;pwirth@saldutticollect.com;kcollins@slgcollect.com

SCOTT F. WATERMAN (Chapter 13)
    ECFMail@ReadingCh13.com

THOMAS I. PULEO
    on behalf of Creditor United Shore Financial tpuleo@kmllawgroup.com  bkgroup@kmllawgroup.com

United States Trustee
    USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 11

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Joao H. Borges** | Social Security number or ITIN  **xxx–xx–4270** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court   **Eastern District of Pennsylvania**

Case number:   **15–13253–pmm**

---

# Order of Discharge                                                                                                                12/18

---

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Joao H. Borges

10/15/20                                                                 **By the court:**       Patricia M. Mayer
                                                                                                  United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Form 3180W                    **Chapter 13 Discharge**                    page 2